# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Carl Anthony Tucker, | Civil Action No. 5:19-815-RMG |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden Vareen, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 11) recommending that the Court dismiss Petitioner's Petition without prejudice. For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Petition is dismissed.

## I. Background

Petitioner Carl Anthony Tucker is a prisoner at the Federal Correctional Institution in Edgefield, South Carolina. (Dkt. No. 1). On February 15, 2005, Petitioner pled guilty in the United States District Court for the Eastern District of Tennessee to bank robbery, use of a firearm during the commission of a violent crime and felon in possession of a firearm, and was sentenced to 262 months' imprisonment. Petitioner did not appeal his conviction. (Dkt. No. 1 at 3.) On July 21, 2006, Petitioner filed his first Petition under 28 U.S.C. § 2255, which was denied on August 9, 2006. On October 14, 2016, the Sixth Circuit permitted Petitioner to file a successive § 2255 petition, which was ultimately dismissed on November 1, 2016.

Petitioner now files a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that his sentence is excessive based on his minor role in the crime. Petitioner relies on the Fourth Circuit decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) to argue that he meets the

1

savings clause test to seek relief from his sentence via a § 2241 petition. The Magistrate Judge recommended that the petition be dismissed without prejudice. (Dkt. No. 11).

II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically object. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Petitioner did not file objections, and the R & R is therefore reviewed for clear error.

III. **Discussion**

The Court finds that the Magistrate Judge correctly concluded that the Petition should be dismissed. As discussed in the R & R, a petitioner cannot challenge his federal conviction and sentence pursuant to 28 U.S.C. § 2241 unless he demonstrates that a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Here, Petitioner is challenging his federal conviction, arguing that his sentence is excessive due to his minor role in the commission of the

crime because of a substantive change in Fourth Circuit law in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

To demonstrate that a § 2255 petition is inadequate or ineffective to test the legality of his detention, a petitioner must establish that:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255 (h)(2) for the second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Petitioner argues that the substantive law changed after his sentencing based on the decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). However, as the Magistrate Judge correctly held, Petitioner was convicted in the Sixth Circuit and therefore cannot benefit from a change in the substantive law of the Fourth Circuit. *See Van Horrelbeke v. United States*, No. CA 0-08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan. 8, 2010) (holding that in applying the second prong of the savings clause test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted") *citing Chaney v. O'Brien*, No. CIV.A. 7:07CV00121, 2007 WL 1189641, at *1 (W.D. Va. Apr. 23, 2007), *aff'd*, 241 F. App'x 977 (4th Cir. 2007); *Eames v. Jones*, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) (finding that the law of the circuit in which petitioner was convicted should apply to § 2241 proceedings held in a different circuit).

Here, since Petitioner was convicted in the Eastern District of Tennessee, any alleged change in the substantive law of the Fourth Circuit is insufficient to meet *Wheeler*'s second prong. Therefore, because the Petitioner cannot establish the requirements of the § 2255 savings clause

3

as provided in *Wheeler*, this Court lacks jurisdiction to consider the Petition in this case, and the Petition must be dismissed.

IV. **Conclusion**

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 11) is **ADOPTED** as the order of the Court, and Petitioner's Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**Certificate of Appealability**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner met the requirements of the savings clause as provided in *Wheeler*. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 23, 2019
Charleston, South Carolina

4